IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs December 9, 2025

**STATE OF TENNESSEE v. BILLY JACK REPROGAL**

**Appeal from the Circuit Court for Humphreys County**
**No. 14887      Larry J. Wallace, Judge**

_____

**No. M2025-00030-CCA-R3-CD**

_____

Billy Jack Reprogal, Defendant, admitted to violating the terms of his community-based alternative to incarceration ("community corrections") sentence. Following a hearing, the court ordered Defendant to serve the balance of his sentence in confinement. Defendant claims the trial court erred because it failed to properly consider the ends of justice and the best interest of the public and Defendant when it sentenced him. Discerning no error, we affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

ROBERT L. HOLLOWAY, JR., J., delivered the opinion of the court, in which ROBERT H. MONTGOMERY, JR., and J. ROSS DYER, JJ., joined.

Ethan L. DeVoe, Qualified Law Student, and Mitchell A. Raines, Assistant Public Defender – Appellate Division, Tennessee District Public Defenders Conference (on appeal); and Steven S. Hooper, Assistant Public Defender (at hearing), Ashland City, Tennessee, for the appellant, Billy Jack Reprogal.

Jonathan Skrmetti, Attorney General and Reporter; Park Huff, Assistant Attorney General; W. Ray Couch, Jr., District Attorney General; and Nicole McLeod, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

On February 28, 2024, Defendant pleaded guilty to possession of over .5 grams of methamphetamine with the intent to sell. Pursuant to a plea agreement, he was sentenced to ten years to be served on community corrections and released from jail. The "Special Conditions" box of the judgment required Defendant to complete an "A & D assessment" and to "pass all drug screens as a condition of community corrections," and it stated that

there would be "[z]ero tolerance for any failed drug screens." The judgment provided pretrial jail credit from September 28, 2023, to February 28, 2024.

In relevant part, the community corrections order provided that Defendant must comply with the following conditions: "1. I will obey all local, state and federal laws and ordinances . . . . 8. I will refrain from using intoxicants of any kind to excess, or from using or possessing any controlled substance or mind altering drug, except pursuant to a licensed doctor's medical prescription."

On March 5, 2024, Defendant went to the community corrections office and signed a voluntary admission form admitting to using methamphetamine. On April 24, 2024, a warrant was filed alleging that Defendant violated the conditions of his release by failing to report as instructed. The affidavit for the warrant stated that Defendant reported "one time" on March 5, 2024, and had "not reported since that date." An amended warrant was issued on May 17, 2024, alleging that Defendant violated Rule 1 by being charged with evading arrest in Humphreys County on May 4, 2024. A second amended warrant was issued on June 26, 2024, alleging that Defendant violated Rule 8 by using methamphetamine.

At the outset of the June 26, 2024 revocation hearing, Defendant admitted to the violation. The trial court then questioned Defendant to assure that Defendant understood his rights and was making the admission knowingly and voluntarily.

Defendant admitted that he only reported to the community corrections office one time, at which time he admitted using methamphetamine. Defendant said that he had been incarcerated for two months since he was arrested on the community corrections warrant. He said that he had applied to be admitted at a residential rehabilitation program, Cross Styles Life Recovery ("Cross Styles"). He asked the court to sentence him to the rehabilitation program.

Defendant testified that he was forty-nine years old and had been using alcohol and marijuana for thirty years but that he did not begin using methamphetamine until he moved to Tennessee approximately seven years ago. He said that his life had "just been chaos" ever since his mother died in 2019. He said that he had also lost his father, significant other, and best friend. He said that he was now watching his brother die, and his "only emotional pain relief" was methamphetamine but that he "was tired of running from this grief."

Defendant admitted that he had been convicted of misdemeanor assault in 1994 and domestic assault in 1995, resisting arrest in 1999, possession of marijuana in 2005, and assaulting a police officer in 2006. He admitted that he had been incarcerated after he was

convicted of a felony third offense of domestic assault. He said that he also had two prior convictions for driving under the influence. He agreed that he had "an extensive criminal history" and that he currently faced a pending felony evading arrest in Humphreys County.

On cross-examination by the State, Defendant agreed that he had been using drugs "during the course" of his prior convictions and that he had been on methamphetamine for five years.

On examination by the trial court, Defendant admitted that he had been convicted twice in 2021 for failure to appear. Defendant claimed that the difference now was that he wanted to change.

Community Corrections Officer Galen Manners testified that she supervised Defendant and filed the violation reports. She said that Defendant only reported one time approximately a week after he was released from jail and that she never saw him again. Officer Manners said that Defendant had "not given her any reason to believe that he would benefit" from rehabilitation in a treatment facility.

The trial court found that Defendant had a "significant criminal history." The court stated that it hoped that Defendant "does want to change" but expressed concerns about releasing a defendant to a treatment facility who had two convictions for failure to appear. The court fully revoked Defendant's community corrections sentence and ordered him to serve the balance of his sentence in the Tennessee Department of Correction. An order memorializing the trial court's oral findings was filed on December 9, 2024. Defendant timely filed a notice of appeal on January 6, 2025, and this matter is properly before this court.

## Analysis

On appeal, Defendant argues that the trial court erred by failing to properly consider the ends of justice and the best interest of the public and Defendant when it sentenced him to serve the balance of his sentence in confinement. The State contends that the trial court properly exercised its discretion in ordering the original sentence to be served.

Revocation of community corrections, like revocation of probation, generally involve a two-step process requiring separate exercises of discretion. *State v. Dagnan*, 641 S.W.3d 751, 757 (Tenn. 2022). The first step requires the trial court to determine whether to revoke community corrections. *Id*. In this case, Defendant admitted to violating the terms of his community corrections sentence, and the court properly revoked Defendant's community corrections. The second step requires the court to determine the appropriate consequence upon revocation. *Id*. When the trial court places "sufficient findings and the

reasons" for the consequences imposed by the court on the record, we review the trial court's decision for abuse of discretion with a presumption of reasonableness. *Id*. at 759.

A trial court has the discretion to revoke a community corrections sentence if it finds by a preponderance of the evidence that a defendant violated the terms of his community corrections sentence. *See State v. Harkins*, 811 S.W.2d 79, 82 (Tenn. 1991) (concluding that a probation sentence and a community corrections sentence "are sufficiently similar in nature" for a preponderance of the evidence standard of review to apply at a community corrections revocation hearing). Upon a finding that a defendant has violated the terms of a community corrections sentence, the court may impose the initial sentence or may resentence a defendant "to any appropriate sentencing alternative, including incarceration, for any period of time up to the maximum sentence provided for the offense committed, less any time actually served" on community corrections. Tenn. Code Ann. § 40-36-106(e)(4). If the court resentences a defendant, the court must have a sentencing hearing conducted in compliance with Tennessee Code Annotated section 40-35-210. *Id*.

When determining the appropriate consequences for a violation of community corrections, a trial court should consider "whether such an action would serve the ends of justice and be in the best interest of both the public and the defendant[.]" *State v. Mitchell*, 810 S.W.2d 733, 736 (Tenn. Crim. App. 1991). Here, the trial court found that Defendant had a "significant criminal history." Defendant admitted that he had numerous convictions, including convictions for crimes of violence. Defendant admitted being sentenced to prison after being convicted of domestic assault for a third time. The court expressed serious concerns about sentencing Defendant, who had twice failed to appear for court, to a rehabilitation treatment facility.

A trial court's findings do not have to be "particularly lengthy or detailed but only sufficient for the appellate court to conduct a meaningful review of the revocation decision." *Dagnan*, 641 S.W.3d at 759. Although the trial court's findings were limited, they were sufficient for this court to conduct a meaningful review of the sentence imposed, and we will therefore review the court's decision for abuse of discretion with a presumption of reasonableness. *Id*.

This court will not disturb the trial court's ruling on appeal absent an abuse of discretion. *State v. Shaffer*, 45 S.W.3d 553, 554 (Tenn. 2001). To establish an abuse of discretion, a defendant must show that there is "no substantial evidence" in the record to support the trial court's decision. *Id*. (citing *State v. Harkins*, 811 S.W.2d 79, 82 (Tenn. 1991)). If the record clearly shows that "the trial judge exercised conscientious judgment in making the decision rather than acting arbitrarily[,]" there is no abuse of discretion. *State v. Leach*, 914 S.W.2d 104, 107 (Tenn. Crim. App. 1995). Here, the court expressed serious concerns about ordering rehabilitation at a private facility for Defendant—who had

numerous criminal convictions, including multiple convictions for crimes of violence; a long and persistent history of illegal drugs use; two convictions for failure to appear; and a pending felony charge. Defendant has failed to show that there was no substantial evidence to support the court's sentencing decision. Although the court's findings were limited, they were sufficient to show that the ends of justice were served.

## Conclusion

The trial court articulated its findings and reasons for the consequences imposed. The court did not abuse its discretion by ordering Defendant to fully serve the balance of his sentence.   We affirm the judgment of the trial court.


_s/ Robert L. Holloway, Jr._
ROBERT L. HOLLOWAY, JR., JUDGE